UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| CSP TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:11-cv-29-RLY-WGH |
| | ) | |
| SÜD-CHEMIE AG, SÜD-CHEMIE, INC., | ) | |
| and AIRSEC S.A.S., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION FOR LEAVE
TO FILE A SECOND AMENDED AND UNITED ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendants' Motion for Leave to File a Second Amended and Unified Answer, Affirmative Defenses, and Counterclaims filed on February 16, 2012. (Docket No. 70). Plaintiff's response was filed on March 19, 2012. (Docket No. 73). Defendants' reply brief was filed on April 23, 2012. (Docket No. 81).

The Magistrate Judge, being duly advised, now **DENIES** the Defendants' motion.

The issue before the Magistrate Judge is whether the Defendants should be granted leave to file a second amended and unified answer, affirmative defenses, and counterclaims to assert additional allegations in support of its counterclaim of unenforceability of the asserted patent because of inequitable

conduct. Plaintiff objects to this motion on the grounds that the amendment should be denied as futile. Although the Magistrate Judge recognizes that under Federal Rule of Civil Procedure 15 leave to amend should generally be freely given, in this case the Magistrate Judge believes that this motion for leave to amend must be denied.

The United States Court of Appeals for the Federal Circuit has addressed the frequent use of inequitable conduct claims in *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009), and *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276 (Fed. Cir. 2011)(en banc). The Magistrate Judge's reading of these cases suggests that the pleading of inequitable conduct must certainly approach that required under Federal Rule of Civil Procedure 9(b). This is because the routine pleading of such conduct into every case does significantly expand the scope of relevancy which discovery must address and increases the complexity, duration, and costs of patent infringement litigation.

In the context of inequitable conduct, the substantive elements that must be pled with particularity include that: (1) "an individual associated with the filing and prosecution of a patent application . . . failed to disclose material information" to the Patent and Trademark Office ("PTO"); and (2) "the individual did so with a specific intent to deceive the PTO." *Exergen*, 575 F.3d at 1327 n.3. *Exergen* goes on further to state that under such a claim, the defendant "must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1328. The

case goes on to require considerable specificity, suggesting that to properly plead "what" and "where," a defendant must "identify which claims [of the patent], and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found." *Id.* at 1329. It should also be noted that in order to properly plead the second element of inequitable conduct – i.e., the specific intent to deceive the PTO, allegations of intent must be more than conclusory. *See id.* at 1328-29.

In focusing on the proposed Counterclaim III alleging inequitable conduct (Proposed Amended Counterclaim ¶¶ 25-61), the inequitable conduct alleged in this case is the failure to disclose: (1) that Süd-Chemie offered for sale a particular product in the United States (*Id.* at ¶¶ 29-30); and (2) the existence of a European patent which was published as an international publication (*Id.* at ¶ 31).

The Magistrate Judge concludes that this motion should be denied because Süd-Chemie has failed to plead with the requisite particularity that the information withheld was not cumulative of the information already disclosed to the PTO during the prosecution of the '137 patent. Specifically, a close examination of figures 1-3 of European Patent No. 0824480 and International Publication No. WO 96/33108 reveals that they are identical to those figures disclosed and incorporated by reference in U.S. Patent No. '056. (*See* p. 5 of Plaintiff's response). Likewise, the failure to disclose the existence of the particular HDI product is found to be cumulative when the underlying patents

upon which the product was based (U.S. Patents '937 and '255) were disclosed. The Magistrate Judge believes that the existence of a product or products based upon prior patents is cumulative so long as the underlying patents supporting the product have been disclosed to the PTO.

In addition, the Magistrate Judge believes that the allegations of intent attributable to Robert Abrams (Proposed Amended Counterclaim ¶¶ 45-46) and those of Berry Shindler (*id.* at ¶¶ 56-57) are conclusory statements and provide no factual basis to infer that either of these specific individuals knew of specific information in the withheld references that was material to the claims of the patent.

The Magistrate Judge concludes that to amend the current Answer, Affirmative Defenses, and Counterclaim to include inequitable conduct would be futile in this case and would unduly delay prompt resolution of the other issues before the court. While the motion itself cannot be said to be brought in bad faith or in violation of Federal Rule of Civil Procedure 11, it simply does not meet the heightened pleadings standards that the Federal Circuit has recently required to prohibit each and every patent litigation case from evolving into an inequitable conduct fight.

**SO ORDERED.**

**Dated:** May 2, 2012

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Paul Henry Berghoff
MCDONNELL BOEHNEN HULBERT
 & BERGHOFF
berghoff@mbhb.com

Jan M. Carroll
BARNES & THORNBURG LLP
jan.carroll@btlaw.com

Paula S. Fritsch
McDONNELL BOEHNEN HULBERT
 & BERGHOFF LLP
fritsch@mbhb.com

Abram B. Gregory
TAFT STETTINIUS & HOLLISTER LLP
agregory@taftlaw.com

Edward Wesley Harris III
TAFT STETTINIUS & HOLLISTER LLP
eharris@taftlaw.com

George P. McAndrews
MCANDREWS HELD & MALLOY LTD
gmcandrews@mcandrews-ip.com

Peter J. McAndrews
McANDREWS, HELD & MALLOY, LTD
pmcandrews@mcandrews-ip.com

James R. Nuttall
MCANDREWS HELD & MALLOY
jnuttall@mcandrews-ip.com

Stephanie F. Samz
McANDREWS, HELD & MALLOY, LTD
ssamz@mcandrews-ip.com

John D. Smith
MCDONNELL BOEHNEN HULBERT
 & BERGHOFF, LLP
smith@mbhb.com

Sean M. Sullivan
McDONNELL BOEHNEN HULBERT
 & BERGHOFF LLP
sullivan@mbhb.com