UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY  DIVISION

| | | |
|---|---|---|
| CSP TECHNOLOGIES, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:11-cv-00029-RLY-WGH |
| | ) | |
| SÜD-CHEMIE AG, SÜD-CHEMIE, INC., | ) | |
| and AIRSEC S.A.S., | ) | |
| Defendants. | ) | |

**ENTRY ON CSP TECHNOLOGIES, INC.'S PARTIAL MOTION FOR
JUDGMENT ON THE PLEADINGS**

**I.      Background**

Plaintiff, CSP Technologies, Inc. ("CSP"), is a leading innovator in the field of

plastic packaging.  It owns a number of patents directed towards desiccant entrained

polymers and other sealing technologies, which it incorporates into its product packaging

to ensure a moisture-free environment for products such as diagnostic test strips.

(Complaint ¶¶ 13-14; *see also id.* 21-28).  Defendants, Süd Chemie AG, Süd Chemie,

Inc., and Airsec S.A.S. (collectively "Defendants"), are competitors of CSP in this

specialized market, and were, in fact, prior parties in a patent infringement lawsuit in this

court in 2003.  *See Sud-Chemie, Inc. v. CSP Tech., Inc.*, 4:03-cv-003-SEB-WGH.

The patent at issue in the present case is CSP's United States Patent No. 7,537,137,

entitled "Resealable Moisture Tight Container Assembly For Strips And The Like Having

A Lip Snap Seal" (the "'137 patent").  As suggested by its title, this patent relates

1

generally to a substantially moisture-tight container and lid assembly for storing and

packing moisture-sensitive items.  CSP alleges that the Defendants are infringing one or

more of the claims of the '137 patent by, *inter alia*, manufacturing, selling and/or

importing the accused vial products in the United States.  (*Id.* ¶ 45).  Defendants

counterclaimed (once amended), alleging, among other things, that the '137 patent is

unenforceable due to CSP's inequitable conduct before the Patent and Trademark Office

("PTO").  (*See* Counterclaim IV of the Amended and Unified Answer, Affirmative

Defenses, and Counterclaims, Docket # 62 ("Amended Counterclaim")).  CSP filed an

Answer, and now moves for judgment on the pleadings with respect to that counterclaim.

For the reasons set forth below, CSP's motion is **GRANTED**.

## II.     Dismissal Standard

Rule 12(c) permits a party to move for judgment "after the pleadings are

closed—but early enough not to delay trial. . . ."  FED.R.CIV.P. 12(c).  A motion for

judgment on the pleadings under Rule 12(c) is evaluated under the same standard as a

motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure

12(b)(6).  *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).  To

survive, the counterclaim must contain "sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although the

court accepts the allegations in the counterclaim as true and draws all reasonable

inferences in favor of the non-moving party, the court need not accept conclusory

statements unsupported by factual allegations.  *Id*. at 679.

The heightened pleading requirements of Federal Rule of Civil Procedure 9(b)

apply to claims of inequitable conduct.  *Exergen v. Wal-Mart Stores, Inc.*, 575 F.3d 1312,

1327 (Fed. Cir. 2009).  "A claim that simply avers the substantive elements of inequitable

conduct, without setting forth the particularized factual bases for the allegation, does not

satisfy Rule 9(b)."  *Id*. at 1326-27.  The specific pleading requirements of a claim of

inequitable conduct, as articulated by the *Exergen* Court, are discussed below.

## III.   Discussion

The substantive elements of a claim for inequitable conduct include: (1) "an

individual associated with the filing and prosecution of a patent application . . . failed to

disclose material information" to the PTO; and (2) "the individual did so with an intent to

deceive the PTO."  *Exergen*, 575 F.3d at 1327 n. 3; *see also Therasense, Inc. v. Becton,*

*Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011) (rejecting that such claims should

be evaluated on a "sliding scale," as "[i]ntent and materiality are separate elements").

### A.   Materiality

"'Information is material if a reasonable examiner would consider it important in

deciding whether to allow the application to issue as a patent.'"  *Star Scientific, Inc. v.*

*R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1367 (Fed. Cir. 2008) (quoting *Symantec*

*Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1297 (Fed. Cir. 2008)).  However,

"information is not material if it is cumulative of other information already disclosed to

the PTO."  *Id.* (internal quotations and citation omitted).

To properly plead the materiality element, a defendant "must identify the specific who, what, when, where and how of the material misrepresentation or omission committed before the PTO." *Exergen*, 575 F.3d at 1328.  For example, to properly plead the "what" and "where," a defendant must "identify which claims [of the patent], and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found." *Id*. at 1329.  Likewise, to properly plead the "how" or "why," a defendant must plead why the withheld references would have been material to the PTO's decision to grant the patent and not cumulative of information already disclosed to the PTO, and how the examiner would have used that information is assessing the patentability of the claims.  *See id*. at 1329-30 (explaining that allegations "to explain both 'why' the withheld information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the claims" are necessary).

The allegations in the Amended Counterclaim pertinent to the materiality element are comprised of the following: (1) that in the prior litigation between Süd Chemie, Inc. ("SCI") and CSP initiated in 2003, Judge Barker of this court found that "[o]n or about July 2001, SCI offered for sale to [Home Diagnostics, Inc.] in the United States a tube containing a desiccant entrained polymer composition" known as the "HDI Product"; (2) the HDI Product was offered for sale in the United States more than one year prior to the effective filing date of the '137 patent, and thus, was prior art; (3) if the PTO had interpreted the claims of the '137 patent application as CSP is construing them in this

action, and if the PTO was aware of the HDI Product during the prosecution of the patent, it would not have allowed at least claim 1 of the '137 patent; and (4) "under the construction and application of the '137 patent claims that CSP has set forth in the infringement allegations in its Complaint, the HDI Product is material prior art to the '137 patent." (Amended Counterclaim ¶¶ 50-54).

Defendants' allegations regarding the materiality of the HDI Product do not meet the heightened pleading standard of Rule 9(b). They do not explain which limitations in claim 1 that the HDI Product would have been relevant to, and where in the HDI Product the material information is found. *Exergen*, 575 F.3d at 1329. Merely alleging that the HDI Product was "material prior art to the '137 patent" is insufficient.

In addition, because cumulative information is immaterial, Defendants were required to include allegations regarding the non-cumulative nature of the withheld information. *Id.* at 1329-30. Defendants failed to include an allegation stating that the HDI Product was not cumulative of information already disclosed to the PTO during the prosecution of the '137 patent. Defendants' failure to plead both the materiality and non-cumulative nature of the HDI Product with particularity is fatal.

## B.    Intent to Deceive

Even if Defendants had properly pled materiality, their counterclaim would still be dismissed for failure to sufficiently plead a specific intent to deceive. To properly plead this element, a defendant "must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld

material information . . . and (2) withheld or misrepresented this information with specific intent to deceive the PTO." *Id*. at 1328-29. More specifically, the counterclaim must contain factual allegations that "give rise to a reasonable inference" that a specific individual knew not just of the purportedly withheld reference, but actually "knew of the specific information in the [withheld reference] that is alleged to be material to the claims of the [patent]." *Id*. at 1330.

The allegations pertinent to this element are comprised of the following: (1) Robert Abrams ("Abrams") is the President of CSP, and the owner and assignee of the '137 patent; (2) "[o]n information and belief," Abrams was associated with the filing and prosecution of the '137 patent; (3) "[o]n information and belief," Abrams was aware of Judge Barker's finding that the HDI Product was offered for sale in the United States on or about July 2001; (4) "[o]n information and belief," Abrams knew of and appreciated the materiality of the HDI Product during the prosecution of the application that issued as the '137 patent; and (5) "[o]n information and belief," Abrams intentionally withheld the material HDI Product from the PTO with an intent to deceive the PTO with regard to the patentability of the '137 patent. (Amended Counterclaim ¶¶ 57-61).

Defendants' allegation regarding Abrams' general knowledge of Judge Barker's decision is insufficient to give rise to a reasonable inference that Abrams exhibited a specific intent to deceive the PTO. *See Exergen*, 575 F.3d at 1330 ("[O]ne cannot assume that an individual, who generally knew that a reference existed, also knew of the specific material *information* contained in that reference."). Indeed, Defendants allegations

provide no factual basis from which to infer that Abrams "knew of the specific

information in the [withheld references] that is alleged to be material to the [patent]" or

that Abrams "decided to deliberately withhold it from the relevant examiner." *Id.* at 1331.

Accordingly, Defendants' inequitable conduct counterclaim, designated as Counterclaim

IV in Defendants' Amended Counterclaim, must be dismissed.

## IV.   Conclusion

For the reasons set forth above, CSP Technologies, Inc's Partial Motion for

Judgment on the Pleadings (Docket # 75) is **GRANTED**.


**SO ORDERED** this <u>2nd</u> day of November 2012.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.