UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CSP TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 4:11-cv-00029-RLY-WGH |
| SÜD-CHEMIE AG, ) | |
| SÜD-CHEMIE, INC., ) | |
| AIRSEC S.A.S., ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON CSP TECHNOLOGIES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF DIRECT INFRINGEMENT**

CSP Technologies, Inc. is the owner of United States Patent No. 7,537,137, entitled "Resealable Moisture Tight Container Assembly For Strips And The Like Having A Lip Snap Seal" (the "'137 patent"). As suggested by its title, this patent relates generally to a substantially moisture-tight container and lid assembly for storing and packing moisture-sensitive items, including diagnostic test strips, using dessicant entrained polymer technology. Defendants, Süd-Chemie AG; Süd-Chemie, Inc., a subsidiary of Süd-Chemie AG; and Airsec S.A.S., an affiliated sister company of Süd-Chemie AG, are direct competitors of CSP in the field of plastic product packaging. CSP alleges that the Defendants are directly infringing claims 1-5 and claim 7 of the '137 patent by, *inter alia*, manufacturing, selling and/or importing the accused products, known as Handy Active Tubes® (or HAT Tubes®), into the United States. CSP also

accuses Defendants of inducing infringement of the '137 patent by selling the Handy Active Tubes® to a third-party who then imports the accused products into the United States. CSP now moves for partial summary judgment of direct infringement. For the reasons set forth below, that motion is **DENIED**.

The court's infringement analysis involves two steps: claim construction of the asserted claim(s) and a determination of whether the accused method or process infringes the asserted claim(s). *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1581-82 (Fed. Cir. 1996). "Direct infringement requires proof by preponderant evidence that the defendant performs (if a method claim) or uses (if a product claim) each element of a claim, either literally or under the doctrine of equivalents." *Cheese Sys., Inc. v. Tetra Pak Cheese and Powder Sys., Inc.*, -- F.3d -- , 2013 WL 3984991, at * 4 (Fed. Cir. Aug. 6, 2013). The first step, claim construction, is an issue of law. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384-85 (1996). The second step, comparing the properly construed claims to the allegedly infringing device, is an issue of fact. *Id*.

Independent claims 1 and 7 contain virtually identical claim language, and recite, in pertinent part:

> 1. A *substantially moisture tight* container and lid assembly for storing and packaging moisture-sensitive items comprising: an assembly with a container and a lid,
>
>    a) the lid is attached by a hinge to *an upper housing portion of the container*, the lid has an outer periphery that extends over at least a portion of the container, the lid is provided with a skirt that extends downwardly therefrom,
>
>    b) the container has a container base, and a sidewall extending upwardly from the container base,

2

  i)  a top of the container is provided with an opening that permits access to an interior of the container, *wherein the opening is spaced away from an outer surface of the sidewall of the container*. . .

  ii)  the opening of the top of the container is bounded by a lip that extends upward from the top of the container, the lip of the top of the container extends around the periphery of the opening of the top of the container,

  iii)  the skirt of the lid is positioned at a location on the lid that allows the skirt of the lid to enter into *a closing relationship* with the lip of the top of the container, . . .

  iv)  the lid further includes a flexible lip seal member that extends downwardly therefrom, the flexible lip seal member of the lid is configured to abut at least a portion of the interior side of the lip of the top container surface when the lid is in the closed position, wherein the flexible lip seal member is designed to be sufficiently deflective so as to provide a sealing position, . . . which in combination with the closing relationship between the skirt of the lid and the lip of the top of the container results in a *substantially moisture tight* seal between the lid and the container . . . .

Claims 2, 3, 4, and 5 are dependent claims of independent claim 1. A dependent claim is "construed to incorporate by reference all the limitations of the claim to which it refers." 35 U.S.C. § 112 (d). For example, dependent claims 2-4 require "[t]he substantially moisture tight container and lid assembly of claim 1," and dependent claim 5 requires "[t]he substantially moisture tight container and lid assembly for storing and packaging moisture-sensitive items of claim 1."

  CSP filed the present motion prior to the court's claim construction of four disputed claim terms, shown in italics above: (1) "an opening wherein the opening is

3

spaced away from an outer surface of the sidewall of the container"; (2) "a closing relationship"; (3) "an upper housing portion of the container" and (4) "substantially moisture tight."  CSP argues that, based upon its interpretation of those disputed claim terms, Defendants' Handy Active Tube® literally infringes claims 1-5, and 7 of the '137 patent.  "Literal infringement of a claim exists when every limitation recited in the claim is found in the accused device, i.e., when the properly construed claim reads on the accused device exactly."  *Strattec Sec. Corp. v. Gen. Auto. Specialty Co., Inc.*, 126 F.3d 1411, 1418 (Fed. Cir. 1997).

After CSP's motion for summary judgment was fully briefed, the court issued its Entry on Claim Construction.  The court agreed with CSP's construction with respect to three of the four disputed claim terms:  (1) "an opening wherein the opening is spaced away from an outer surface of the sidewall of the container"; (2) "a closing relationship"; and (3) "substantially moisture tight."  The court did not adopt CSP's construction of the term "an upper housing portion of the container," and construed it as "an upper housing portion of the container that is separate and distinct from the container base."

Defendants' Handy Active Tube® consists of a container with a flip-top lid and a built-in dessicant to sustain a moisture-free environment.  The parties refer to container-lid assemblies of this sort as "vial-shaped containers."  Granting the Defendants the benefit of all reasonable inferences drawn from the record, as the court must when evaluating a motion for summary judgment, "vial-shaped" containers do not have an upper housing portion that is separate and distinct from the container base.  Lacking that essential element from independent claims 1 and 7 and, by association, dependent claims

4

2, 3, 4, and 5, the court must **DENY** CSP's Motion for Partial Summary Judgment of Direct Infringement (Docket # 103).  Having so found, the court need not decide whether Defendants' accused product, the Handy Active Tube®, is missing a "lip that extends upward from the top of the container," as required by claim 1(b)(ii) and claim 7(b)(ii).

**SO ORDERED** this 27th day of September 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.